IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DELANA APPLEGATE, et al.,

Plaintiffs,

v.                                                  Case No.  24-2509-JWB

COLBY OPERATOR, LLC, et al.,

Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant Windward Health Partners, LLC's motion to dismiss for lack of personal jurisdiction.  (Doc. 16.)  The motion is fully briefed and ripe for decision.  (Doc. 17, 22.)[1]  The motion is DENIED for the reasons stated herein.

**I.     Facts**

The following facts are taken from the complaint.  (Doc. 1.)  The court accepts as true the factual allegations in the complaint that are uncontroverted by exhibits or affidavits.  *See Luc v. Krause Werk GMBH & Co.*, 286 F.Supp.2d 1282, 1285 (D. Kan. 2003) (citing *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).  Plaintiffs Delana and Daniel Applegate are the surviving children of Jeanette Applegate ("Decedent") and the heirs of her estate.  (Doc. 1 at 2.) Decedent developed a pressure injury in March 2024, and later died from this injury in August 2024.  (*Id.*)  At the time of her injury and demise, Decedent was a resident at a nursing facility in Colby, Kansas, owned and operated by Colby Operator, LLC ("Colby").  (*Id.* at 1-3.)  Colby is an LLC registered in Florida.  (*Id.* at 3.)  Kansas Operator, LLC is the sole member of Colby and is also considered a Florida resident.  (*Id.* at 4; Doc. 35.)  Colby is operated by a second, non-member

---

[1] Defendant Windward Health Partners, LLC did not file a reply and the time for doing so has now passed.

1

Florida LLC called Mission Health Communities, LLC ("Mission"). (Doc. 1 at 8–9.) Mission is a wholly owned portfolio company of Defendant Windward Health Partners, LLC ("Windward"). Windward has two members, Scott Feuer and Bryan Crino, who are both citizens of Florida. (Doc. 35.)

Plaintiffs now bring a claim against three of the Florida LLCs and a manager of Colby, Jamie Yoakum, alleging wrongful death under Kan. Stat. Ann. § 60-1902. (*Id.*) Defendant Windward has moved to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(2) on the basis that this court lacks personal jurisdiction over Windward.

## II.    Standard

On a Rule 12(b)(2) motion to dismiss, Plaintiff must make a prima facie showing that the court has personal jurisdiction. *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). If a defendant challenges the jurisdictional allegations, Plaintiff "must support the jurisdictional allegations of the complaint by competent proof of the supporting facts." *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1011, 1014 (D. Kan. 2006) (citing *Pytlik v. Pro'l Res.*, Ltd., 887 F.2d 1371, 1376 (10th Cir. 1989)). All factual disputes must be resolved in Plaintiff's favor and, to the extent that they are uncontroverted by Defendant's affidavit, "the allegations in the complaint must be taken as true." *Id.* (citing *Intercon. Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *TH Agriculture & Nutrition, LLC v. Ace European Group, Ltd.*, 488 F.3d 1282, 1286-87 (10th Cir. 2007). Because the Kansas long-arm statute is construed liberally to allow jurisdiction to the full

2

extent permitted by due process, the court ordinarily proceeds directly to the constitutional issue. *Id.* at 1287 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1087 (10th Cir. 1998)).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (internal quotations omitted). Therefore a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum state." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1979). The requisite minimum contacts may be established under one of two theories: specific jurisdiction or general jurisdiction. If the requisite minimum contacts are met, the court proceeds to determine whether the "assertion of personal jurisdiction would comport with fair play and substantial justice." *Old Republic Ins. Co.*, 877 F.3d at 903 (internal quotations omitted). General jurisdiction is based on an out-of-state defendant's "continuous and systematic" contacts with the forum state. *Id*. at 904. Specific jurisdiction exists if the defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp.*, 471 U.S. at 472 (internal citations omitted); *see also Mitchell v. BancFirst*, No. 17-2036, 2018 WL 338217, at *2 (D. Kan. Jan. 9, 2018).

III. **Analysis**

In its motion to dismiss, Defendant Windward alleges that the court lacks personal jurisdiction over Windward under either general jurisdiction or specific jurisdiction. (Doc. 17 at 5–9.) In their complaint, Plaintiffs argue that the court has specific jurisdiction over Defendant based on Windward's own actions and based on Defendant Windward being an alter ego of

Defendant Colby and/or Defendant Mission. (Doc. 1 at 10, 41–43.) Therefore, the court will not consider whether it has general jurisdiction and will instead proceed to a specific jurisdiction analysis.

For a state to have specific personal jurisdiction over a defendant, the defendant must purposefully avail itself of the forum state. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). Here, Plaintiffs assert that Defendant Colby and Defendant Mission are both subject to jurisdiction in Kansas through their allegedly negligent operation of the residential facility in Colby, Kansas.[2] Additionally, Plaintiffs assert that Defendant Windward is also subject to specific personal jurisdiction in Kansas because it is the alter ego of Defendant Colby and/or Defendant Mission. "Kansas law recognizes that a corporation may be the alter ego of another corporation." *Sac and Fox Nation, Inc. v. Containment Solutions, Inc.*, No. 17-2416-JWB, 2018 WL 3495854, at *5 (D. Kan. 2018) (citing *Dean Operations, Inc. v. One Seventy Assocs.*, 257 Kan. 676, 680, 896 P.2d 1012, 1016 (1995)). When a nonresident parent business entity is found to be the alter ego of a resident subsidiary business, the parent entity may be subject to specific personal jurisdiction. *Doughty v. CSX Transp., Inc.*, 258 Kan. 493, 499-500, 905 P.2d 106, 111 (1995). This determination is a question of fact. *Id*. at 111. "[F]ormal separation of corporate identities does not raise a constitutional barrier to the exercise of jurisdiction over a non-resident whose affiliated corporation has a substantial nexus with the forum." *Energy Rsrvs. Grp., Inc. v. Superior Oil Co.*, 460 F. Supp. 483, 490 (D. Kan. 1978). Therefore, the conduct of Mission and Colby in running the residential facility in Colby, Kansas could provide appropriate bases for jurisdiction "over the parent [company] even if it had no contact with the forum state." *Lemaster v. Collins Indus., Inc.*, No. 11-CV-2128-JTM, 2011 WL 5966911, at *3-4 (D. Kan. Nov. 29, 2011) (citing

---

[2] Additionally, both Defendant Colby and Defendant Mission have answered the complaint and have not contested personal jurisdiction, thereby waiving it. (Docs. 10, 11.)

*Cotracom Commodity Trading AG v. Seaboard Corp.*, 94 F.Supp.2d 1189, 1195 (D. Kan. 2000)).

For jurisdiction to be proper under the alter ego doctrine, Plaintiffs must show "that the application

of Kansas law would result in 'piercing the corporate veil or imposing liability through agency

principles.'" *Id.* (internal citations omitted).

To determine whether Windward is the alter ego of either Mission or Colby, the court must

ascertain whether Plaintiffs have sufficiently pled enough facts regarding Defendant Windward

being an alter ego to survive a motion to dismiss.[3]  The Kansas Supreme Court has adopted a ten-

factor test to determine whether one entity is the alter ego of another.[4]  This test relies on whether:

> (1) the parent corporation owns all or a majority of the capital stock of the subsidiary;
> (2) the corporations have common directors or officers;
> (3) the parent corporation finances the subsidiary;
> (4) the parent corporation subscribed to all of the capital stock of the subsidiary or otherwise caused its incorporation;
> (5) the subsidiary has grossly inadequate capital;
> (6) the parent corporation pays the salaries or expenses or losses of the subsidiary;
> (7) the subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation;
> (8) in the papers of the parent corporation, and in the statements of its officers, the subsidiary is referred to as such or as a department or division;
> (9) the directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation; and
> (10) the formal legal requirements of the subsidiary as a separate and independent corporation are not observed.

*Doughty*, 905 P.2d at 111.  *See also Hoffman v. United Telecommunications, Inc.*, 575 F. Supp.

1463, 1478 (D. Kan. 1983) (adopting the same 10 factors).  These ten factors are weighed such

that no preset combination of factors nor one single factor conclusively determines whether the

---

[3] Defendant Windward contests the factual basis for jurisdiction in its motion, but its contested facts only relate to Windward's direct actions in the forum state of Kansas and the level of control that Windward possesses over the actions of Defendant Colby.  (Doc. 17 at 2–3.)  Thus, while the level of control may be relevant to the truth of whether Winward is the alter ego of Colby, the court must accept the uncontested pled facts as true for purposes of the present motion.

[4] The Kansas Supreme Court adopted this alter ego test from the Tenth Circuit's decision in *Fish v. East*, 114 F.2d 177, 191 (10th Cir. 1940).

alter ego doctrine applies; rather, the court must determine each case based on the pled facts. *Lemaster*, 2011 WL 5966911, at *4. Similarly, "[m]eeting just one of the alter ego factors is not enough." *Id.* When evaluating these facts under the ten factors, "[a]ll factual disputes must be resolved in Plaintiff's favor" unless they are controverted by Defendant's subsequent filings or affidavits. *Sac and Fox Nation, Inc.*, 2018 WL 3495854, at *2.

Moving to the facts in this case, the court must apply the above factors to the facts which Plaintiffs pled in their complaint. First, regarding Mission, Plaintiffs have pled that Windward owns all the capital stock of Mission as its sole member. (Doc. 1 at 41–42.) Additionally, Plaintiff claims that Windward and Mission do not act independently but rather are in a joint venture, and that Windward directs the actions of Mission. (*Id.* at 31–34; 42.) Second, regarding Colby, Plaintiffs have pled that Windward so dominates and controls Colby that Windward exercises "complete control and domination" over Colby. (*Id.* at 42.) In addition to claiming that Windward directly or indirectly owns most of the capital stock of Colby (*Id.* at 43), Plaintiffs pled that Windward caused Colby to be undercapitalized and understaffed, caused Colby to be operated at a loss, finances Colby's operation and salaries, and initially caused the incorporation of Colby. (*Id.*) Plaintiffs also pled that Windward and Colby have common directors or officers, who do not act independently in the interest of Colby but instead act only in Windward's best interest. (*Id.*) These factors, accepted as true for the purpose of the present motion, would weigh in favor of finding that Windward is an alter ego of Mission and/or Colby.

However, Biran Crino filed an affidavit attached to Defendant Windward's motion to dismiss and he declares that Windward was not involved with any staffing budgets, management policies, or operation of Colby. (Doc. 17 at 15–16.) These sworn assertions counter Plaintiffs' assertions and would weigh against finding that Windward is an alter ego of Colby.

Nevertheless, while these factual contentions may address the relationship between Windward and Colby, it does not address any of the claims regarding Windward being an alter ego of Mission.

Thus, the court finds for the purposes of this motion that Windward finances both Mission and Colby, that Windward owns all the capital stock of and directs Mission, that Windward caused Colby to be undercapitalized, that Windward caused Colby to be incorporated, and that Colby and Windward have common directors or officers who do not act independently. These weigh in favor of finding that Windward is an alter ego of Mission and Colby. Conversely, the court finds that Windward does not pay the salaries of Colby nor do they exercise complete control over the operation of Colby. These weigh against finding that Windward is Colby's alter ego. The court finds that the remaining factors were not pled with specificity requisite for the court to determine their weight. In balancing the ten factors required, the court finds that Plaintiffs have sufficiently pled facts to find Windward is an alter ego of Colby and/or Mission for the purposes of the present motion. While these facts may ultimately be disproven over the course of discovery and trial, they are pled with enough specificity to survive Windward's motion to dismiss.

However, this alter ego determination regarding Windward is not the end of the analysis. Plaintiffs must also show "that [they] would suffer an injustice if the court gives effect to the legal fiction of [] separate corporations." *Sac and Fox Nation, Inc.*, 2018 WL 3495854, at *5 (citing *Doughty*, 258 Kan. at 500) (finding the plaintiff could suffer an injustice when the subsidiary was intentionally undercapitalized and rendered insolvent by the parent company). In *Sac and Fox Nation, Inc.*, this court held that in cases where money damages are "the only relief sought[,] the principal injustice that might lead a court to disregard the separateness of affiliated entities is where the parent corporation has intentionally undercapitalized the subsidiary and, as a result, the subsidiary would be without assets to satisfy a potential judgment." *Sac and Fox Nation, Inc.*,

7

2018 WL 3495854, at *6.

Here, Plaintiffs assert that Windward intentionally caused Colby to operate at a loss and become undercapitalized such that Colby would not be able to pay damages arising from lawsuits related to residents of the facility. (Doc. 1 at 42-43.) As such, Plaintiffs have met their burden to show they will suffer an injustice if the court declines to treat Windward as an alter ego of Mission and Colby. *See id.*

Based on the foregoing, Plaintiffs have established that Windward is subject to personal jurisdiction through the acts of Colby and Mission in a sufficient manner to survive the present motion to dismiss.

## IV.    Conclusion

The court finds the Plaintiffs' complaint does sufficiently establish that this court has personal jurisdiction over Defendant Windward. Defendant Windward's motion to dismiss (Doc. 16) is DENIED.

IT IS SO ORDERED. Dated this 21st day of August, 2025.

   s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE