IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DELANA APPLEGATE, as surviving child and co-special administrator of estate of Jeanette Applegate, and DANIEL APPLEGATE, as surviving child and co-special administrator of estate of Jeanette Applegate,<br><br>Plaintiffs,<br><br>v.<br><br>COLBY OPERATOR, LLC, et al.,<br><br>Defendants. | Case No. 24-2509-JWB-ADM |

## ORDER

This matter comes before the court on the parties' joint motion to extend scheduling order deadlines by approximately 90 days. (ECF 68.) As explained below, the motion is denied because the parties have not shown good cause for any extension. However, as a practical matter, the court must vacate the dispositive-motion deadline and extend pretrial-conference deadlines to account for the parties' inaction.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The Tenth Circuit has described Rule 16(b)(4)'s good-cause standard as requiring the movant to show that "existing scheduling order deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988–89 (10th Cir. 2019) (applying the Rule 16(b)(4) good-cause standard to affirm the district court's denial of an extension of time to designate an expert witness); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) (applying the standard to a motion to amend filed after the scheduling order deadline); *see also*

1

FED. R. CIV. P. 16(b)(4) advisory committee's note to the 1983 amendment (stating good cause exists when a schedule cannot be reasonably met despite the diligence of the party seeking the extension). The good-cause standard generally requires the moving party to provide an adequate explanation for the delay. *Testone*, 942 F.3d at 988. The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

In the present motion to amend the scheduling order, the parties state that new counsel appeared for defendants on October 10 and "has since learned that discovery is not complete, expert disclosures are not complete, mediation has not been scheduled, and the parties are not able to prepare a pretrial order as a result." (ECF 68, at 2.) New counsel express a need to get up to speed and coordinate calendars before depositions can move forward.

These reasons do not demonstrate good cause for delaying the progress of this case. Discovery has been open since at least February 14, 2025, and the court granted the parties' earlier extension request, pushing the close of discovery to October 14. The parties have not explained why they could not have completed discovery during this extended, eight-month period, had they acted with diligence. As the parties note, the court was not persuaded that the last extension was necessarily warranted, and so cautioned the parties that it would grant further extensions only on a showing of "truly extraordinary circumstances." (ECF 29, at 2.) Although the court appreciates that defendants' change in counsel might cause some delay, that is a product of defendants' own choosing. In sum, the parties' motion does not establish any level of diligence in attempting to meet existing deadlines, and therefore the court denies the motion for lack of good cause.

Be that as it may, under the present state of affairs created by the parties' inaction, this case is not ready to proceed to the final pretrial conference scheduled for November 7. The parties

did not submit a proposed pretrial order by the October 28 deadline to do so. (ECF 29.) Thus, the court necessarily **vacates** the pretrial-conference setting and the December 10 dispositive-motion deadline. Federal Rule of Civil Procedure 29 permits the parties to conduct limited discovery by agreement outside of the discovery deadline, so long as such ongoing discovery does not interfere with other court-imposed deadlines or delay the briefing of or ruling on dispositive motions or other pretrial preparations; the court will be unavailable to resolve any discovery disputes during this extended period.

As a practical matter, the parties and the court will not be in a position to be able to formulate a meaningful pretrial order until discovery is complete. Thus, the court re-sets the pretrial conference to **January 20, 2026, at 1:30 p.m.,** by telephone. The parties must submit their proposed pretrial order to the email of the undersigned judge's chambers by **January 8, 2026**. The court will re-set the dispositive-motion deadline when it enters the final pretrial order.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Extend Scheduling Order (ECF 68) is denied.

**IT IS FURTHER ORDERED** that the pretrial conference is reset to **January 20, 2026, at 1:30 p.m.**, with the proposed pretrial order due by **January 8, 2026**. The dispositive-motion setting is vacated, to be re-set in the pretrial order.

Dated October 30, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge
